FRANCIS B. DEMPSEY *v.* WALTER HOLLIS.

(75 A2d 662)

May Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed October 3, 1950.

*W. G. Themelis* and *Reuben Levin* for the defendant.

*Manfred W. Ehrich, Jr.,* for the plaintiff.

CLEARY, J. This case is one in tort for negligence. Trial was by jury, resulting in a verdict and judgment for the plaintiff. The case is here on the defendant's exception to the granting of plaintiff's motion for a certified close jail execution, and the adjudication by the court that the cause of action arose from the wilful and malicious neglect of the defendant and that the defendant ought to be confined in close jail. The court below stayed execution and passed the cause to this court.

The only grounds relied upon by the defendant are: 1. That V. S. 47, § 2246 is unconstitutional because it violates the provisions of Article 12 of Chapter 1 of the Constitution of Vermont, which provides "That when any issue in fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." 2. That the matter or question of adjudging whether the cause of action arose from the wilful and malicious act or neglect of the defendant is an issue in fact and therefore one that must necessarily be determined, not by the court, but by the jury.

318

■ When considering the constitutionality of an act of the Legislature every presumption is to be made in favor of its constitutionality, and it will not be declared unconstitutional without clear and irrefragable evidence that it infringes the paramount law. *McFeeters* v. *Parker,* 113 Vt 139, 144, 30 A2d 300, and cases there cited.

■ The guaranty of the right to trial by jury contained in the Constitution has reference to the right previously existing according to the course of the common law. *Huntington* v. *Bishop,* 5 Vt 186, 195; *Holton, Admr.* v. *Hassam,* 94 Vt 324, 328, 111 A 389. This court so held in *Hall* v. *Armstrong,* 65 Vt 421, 425, 26 A 592, 593, 20 LRA 366, and said: "Speaking of the right of trial by jury as preserved in the State constitutions, Cooley says: 'The constitutional provisions do not extend the right; they only secure it in cases in which it was a matter of right before.' Prof. Pomeroy says: 'It is the *right* of trial by jury which exists and is preserved, and what that right is is a purely historical question, a fact to be ascertained like any other social, legal or political fact. As a constitution speaks from the time of its adoption, the fact of the right to jury trial, which is ascertained to have existed at that time, must necessarily determine the meaning of the clause which recognizes and preserves that right.' The courts seem, with great unanimity, to have accepted this general principle of construction, and not to have rested their decisions upon the special language of the clause under consideration."

So, the legislative history of V. S. 47, § 2246 is important to the disposition of the question raised by defendant's exception. At the time of the adoption of our Constitution in 1793 it had been the practice under the common law and sanctioned by statute, to imprison debtors in both contract and tort actions, failing properly to satisfy the judgment, and this was a matter of right in the plaintiff. *Paine* v. *Ely,* N Chip 14 at 19, 1 D Chip 37 at 39. Statutes of 1779 to 1786, pp. 362, 363, as amended by Statutes of 1787, pp. 60, 61. The present form of expression in Article 12 of Chapter 1 of our Constitution is that adopted in 1793.

By the laws of 1797, Chap. XXIII, § 10, p. 321, any person imprisoned on mesne process or on execution in a contract action was admitted to the liberties of the jail yard upon giving bond, and by § 12 of the same chapter, p. 323, the poor debtor's oath was made available to prisoners in prison on execution on a contract judgment.

By the Acts of 1823, Chap. 15, § 1, p. 10 the legislature provided that persons imprisoned on execution in certain tort actions, including trespass on the case, should be allowed all the "benefits and privileges" of the act last above referred to "unless the court rendering such judgment shall, at the time or term of rendering the same, adjudge that the cause of action accrued from the wilful and malicious act, or neglect of such person."

The portion of that act which is challenged here is now, as amended, V. S. 47, § 2246 and reads as follows : "A person shall not be admitted to the liberties of the jail yard, who is committed on execution upon a judgment rendered in an action founded on a tort, when the court, at the time of such judgment, adjudges that the cause of action arose from the wilful and malicious act or neglect of the defendant, and that the defendant ought to be confined in close jail, and a certificate thereof is stated in or upon such execution."

Therefore it appears as a matter of historical fact that at the time of the adoption of our Constitution of 1793 any judgment debtor could be taken on a body execution whether or not the cause of action arose from the wilful and malicious act or neglect of the defendant.   The Act of 1823, Chap. 15, § 1, granting the defendant the right to have the question whether his conduct constituted a wilful and malicious act or neglect determined by the court, gave him a privilege he had not previously possessed.   So, not being a known right at the time of the adoption of the Constitution, it was not included within the guaranty of Article 12 of the Constitution.   *Huntington* v. *Bishop,* 5 Vt 186, 195 ; *In re Hackett,* 53 Vt 354, 360.

Moreover, the judgment awarding a close jail execution is no part of the principal judgment in the cause.   It is independent of, incidental and collateral to, the principal judgment.   *Spaulding* v. *Woodworth,* 42 Vt 570, 572.   The object of the statute authorizing the close jail execution is two-fold, partly remedial, partly punitory ; to furnish a more effective remedy to a party who has suffered injury from the wanton and malicious act or conduct of another, and to punish such offender for such wanton and wicked violation of another's rights.   *Soule* v. *Austin,* 35 Vt 515, 518 ; *Jewett* v. *Pudlo,* 106 Vt 249, 254, 172 A 423.

The issues for the jury in the present case were what in fact the defendant's conduct was, and whether it was negligent and the proximate cause of the accident.   The nature of the defendant's conduct was for the court.   *Healy, Admr.* v. *Moore,* 108 Vt 324.

350, 187 A 679; *Benway* v. *Hooper,* 110 Vt 497, 499, 8 A2d 658. After the jury had decided the issues proper for it to decide in the plaintiff's favor the court had authority under V. S. 47, § 2246 to grant the plaintiff's motion for a certified execution. Disposition of that motion was not an issue proper for the cognizance of the jury and there was no error in the award of the close jail certificate.

*Judgment affirmed.*