Joseph A. **MARTIN**, Plaintiff,

v.

**DETROIT MARINE TERMINALS, INC.,**
Defendant.

· No. 19527.

United States District Court
E. D. Michigan, S. D.
Dec. 20, 1960.

**580**

Karbel, Eiges & Rothstein, Detroit, Mich., for plaintiff.

Fildew, DeGree, Fleming & Gilbride, Detroit, Mich., for defendant.

FREEMAN, District Judge.

This is a motion to strike one of defendant's statutory defenses on the basis of alleged unconstitutionality of the statute. The motion arises out of an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., for unpaid overtime compensation and liquidated damages.

The statutes involved in this case provide in pertinent part as follows:

29 U.S.C.A. § 216(b): "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

29 U.S.C.A. § 260: " * * * If the employer shows *to the satisfaction of the court* that the act or omission giving rise to such action was in *good faith* and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in *section 216(b) of this title."* (Emphasis supplied.)

It is evident from these two statutes that in Section 216(b) (a part of the original Fair Labor Standards Act), Congress created a statutory cause of action and provided a remedy of compensatory and liquidated damages. By enacting Section 260 (a section of the Portal-to-Portal Act), Congress in effect amended Section 216(b) by permitting the court in its discretion to reduce or eliminate the liquidated damages if certain conditions exist.

It is the contention of the plaintiff that Sec. 260 of Title 29 is unconstitutional insofar as it provides for a determination of the good faith issue by the court rather than by the jury.

Defendant contends that the issue of the quantum of damages has never been one to which the right to a jury trial attaches, and that Section 260, therefore, is in compliance with the 7th Amendment of the United States Constitution. In the alternative, defendant urges that the word "court" in Section 260 must be construed as meaning "court and/or jury", thus avoiding the constitutional problem altogether.

After careful consideration of the contentions of both parties, the court is of the opinion that neither contention is acceptable.

It appears that the court is confronted with two principal issues:

1. Does Section 260 clearly and unequivocally provide for a determination of the "good faith" issue by the court to the exclusion of the jury?

2. If so, is Section 260 constitutional in view of the 7th Amendment to the United States Constitution which specifically preserves the right to a jury trial in suits at common law?

Turning to the first issue stated above, this court is of the opinion that

the word "court" in Section 260 clearly and unequivocally means "judge" and not "judge or jury". The court is therefore squarely confronted with the issue of the constitutionality of that Section, which issue does not appear to have been previously decided in any reported case.

■ The right to trial by jury is covered by the 7th Amendment to the United States Constitution, which provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law."

In Dempsey v. Hollis, 116 Vt. 316, 75 A.2d 662, 663 (a case more fully discussed infra), the Vermont Supreme Court analyzed the constitutional right to a jury trial as follows:

"The guaranty of the right to trial by jury contained in the Constitution has reference to the right previously existing according to the course of the common law. (Citing cases.) This court so held in Hall v. Armstrong, 65 Vt. 421, at page 425, 26 A. 592, at page 593, 20 L.R.A. 366, and it said: 'Speaking of the right of trial by jury as preserved in the state constitution, Cooley says: "The constitutional provisions do not extend the right; they only secure it in cases in which it was a matter of right before." * * * Prof. Pomeroy says: "It is the *right* of trial by jury which exists and is preserved, and what that right is is a purely historical question,—a fact to be ascertained like any other social, legal, or political fact. As a constitution speaks from the time of its adoption, the fact of the right to jury trial, which is ascertained to have existed at that time, must necessarily determine the meaning of the clause which recognizes and preserves that right. The courts seem with great unanimity to have accepted this general principle of construc-

tion, and not to have rested their decisions upon the special language of the clause under consideration."'"

This right to a jury trial in federal courts exists not only with respect to common-law actions known in the common law of England as of 1791, the time the Amendment was adopted, but is likewise extended to any new statutory action coming into existence thereafter whenever such new action is analogous to an appropriate common-law action in existence prior to 1791. It therefore appears that even though Congress may, pursuant to Article III of the United States Constitution, create new causes of actions and remedies therefor and may determine the *mode* of trial (law or equity), the 7th Amendment operates as a limitation upon Congressional power to provide for a trial without a jury in new actions if such actions fall within the protective scope of the 7th Amendment.

As already pointed out, Sections 216 (b) and 260 of the Fair Labor Standards Act create new statutory causes of action and remedies not heretofore known in the common law. Because of the important part which Section 260 plays in this scheme, it is difficult to see how that latter section could be singled out in an attack of unconstitutionality without attacking the whole scheme. It clearly appears from the first section of the Portal-to-Portal Act, 29 U.S.C.A. § 251, "Congressional findings and declaration of policy", that after finding certain specific infirmities, misinterpretations and misapplications of the Fair Labor Standards Act, it was the intent of Congress to clarify and change such Act by amending it through the Portal-to-Portal Act. The amended statutory scheme involved here shows that it provides for an action for damages which might be characterized as having the following elements:

1. Liability;
2. Compensatory damages;
3. Liquidated damages (penalty).

The problem before the court is limited only to the third element.

It is evident that, as a general proposition, the two sections in issue here create

an action which is broadly analogous to the common-law action of debt or assumpsit and would thus come under the protection of the 7th Amendment. The precise question, therefore, is whether or not the whole scheme is unconstitutional because one single fact issue going to the penalty element of the scheme is excluded from determination by the jury. Phrased another way, the question is whether *all* issues in a statutory action broadly analogous to a common-law action must be tried to a jury pursuant to the 7th Amendment. Professor Moore in Moore's Federal Practice, Vol. 5, p. 308, answers this question in the negative:

> "While most actions of a legal nature are triable to a jury, on timely demand, (1) not all issues of fact in a legal action are so triable and (2) not all legal actions carry with them a right of jury trial. Illustrative of issues of fact in category (1), which are determinable by the court rather than by a jury, are: those relative to jurisdiction, venue and forum non conveniens; the existence and effect of foreign law where not judicially noticeable; the competency of a witness; issues of fact, including damages, in a default case; whether or not there has been such wilful and malicious negligence in a tort case as to justify issuance of a certificate of close jail execution; and issues relative to civil contempt."

It, therefore, appears that the jury trial protected by the 7th Amendment goes only to those issues in an action at law which historically were triable to a jury in England prior to 1791. In other words, in determining the scope of the 7th Amendment with respect to one issue in a statutory action which is generally triable to a jury, the test is *not* whether such action is more or less broadly analogous to an established common-law action, but rather whether such issue must, by analogy or because of historical considerations, be characterized as a "legal" issue.

It is evident, of course, that, in the abstract, issues are neither legal nor equitable. Their character must, therefore, be determined from the proper nature of the claim or defense in which the issues are projected. Moore's Federal Practice, Vol. 5, p. 307. But even that determination is not without difficulty in the present case.

As already stated, the establishment of good faith simply brings into play the discretionary power of the trial judge, which then may or may not be exercised. Since this discretionary power may be exercised only with respect to the "penalty" aspect of the action, and in view of the express "Congressional findings and declaration of policy" in 29 U.S.C.A. § 251, the introductory section of the Portal-to-Portal Act, this court is convinced that any exercise of discretion was intended to and would, in fact, rest largely on equitable considerations. Within this framework, it is apparent that the good faith issue is not of such a "legal" nature so as to clearly come under the protection of the 7th Amendment.

A problem similar to the question before this court arose in the case of Dempsey v. Hollis, 1950, 116 Vt. 316, 75 A.2d 662. In that case, the Vermont Supreme Court upheld the constitutionality of a Vermont statute, V.S.1947, § 2246, which committed the determination of the fact issue of willfulness and maliciousness in certain tort actions to the trial judge and gave him authority to order "close jail execution" (denial of the liberties of the jail yard in certain poor debtor's sentences) upon a finding of willfulness and maliciousness. In reaching its conclusion, the Vermont Supreme Court said (75 A.2d at page 664):

> "Therefore it appears as a matter of historical fact that at the time of the adoption of our Constitution of 1793 any judgment debtor could be taken on a body execution whether or not the cause of action arose from the wilful and malicious act or neglect of the defendant. The act of 1823, chap. 15, § 1, granting the defendant the right to have the question whether his conduct constituted a wilful and malicious act or neglect determined by the court, gave him a privilege he had not previously pos-

sessed. So, not being a known right at the time of the adoption of the Constitution, it was not included within the guarantee of Article 12 of the Constitution." (Citing cases.)

Except for the Dempsey case, the court has been unable to find any precedent shedding light on the question before the court, nor could any fact issue be found in the pre-1791 common law to which the "good faith" issue in the framework of 29 U.S.C.A. § 260 could be analogized.

The court is fully aware of several cases which arose under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e), and the Housing and Rent Act, 50 U.S.C.Appendix, § 1895(a). The latter section provides in pertinent part:

"Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act * * * shall be liable to the person from whom such payment is demanded, accepted, received, or retained * * * for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) $50, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received, or retained exceed the maximum rent which could lawfully be demanded, accepted, received, or retained, as the court in its discretion may determine, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

The question of whether or not the issue of "willfulness" is triable to a jury was collaterally presented in the cases of Shearer v. Porter, 8 Cir., 1946, 155 F.2d 77; Orenstein v. United States, 1 Cir.,

1951, 191 F.2d 184; Tanimura v. United States, 9 Cir., 1952, 195 F.2d 329; Leimer v. Woods, 8 Cir., 1952, 196 F.2d 828; United States v. Hart, D.C.E.D.Va.1949, 86 F.Supp. 787; Creedon v. Arielly, D.C. W.D.N.Y.1948, 8 F.R.D. 265; and United States v. Walker, 17 F.R.Serv. 38 a. 1, case 7 (N.D.Ga.1952).

In several of these cases, the respective courts concluded that the question of willfulness under the above Acts was triable to a jury. However, in none of these cases were the courts squarely confronted with the constitutional issue now before this court. In those cases where the decisions disclose constitutional arguments, it is not clear whether the courts intended to and did, in fact, simply construe the particular Act in question by determining the intent of Congress, or whether they found a right to jury trial as a matter of constitutional guarantee. For the above reasons, this court declines to blindly follow decisions involving a statute which does *not* expressly commit the determination of the issue of "willfulness" to the trial judge.

It may very well be that the question of the constitutional right to a jury trial of the good faith issue in 29 U.S. C.A. § 260 comes within the gray area surrounding the outer limits of the protective cloak of the 7th Amendment. This court is abundantly satisfied, however, that the presumption of constitutionality has not been overcome in the present case and that Congress did not transgress the limitations imposed on it by the 7th Amendment in providing for a determination of the good faith issue by the trial judge, where the only result of such determination is to possibly bring into play the discretionary power of the trial judge to reduce or eliminate that part of the damages automatically imposed by way of penalty after a full jury trial of the case on its merits has been had.

Pursuant to the above, the motion to strike must be denied.

An appropriate Order may be presented.