## Marcel LaFlamme v. Edward H. Milne

[ 248 A.2d 692 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 3, 1968

*Monte & Monte* for the Plaintiff.

*Edward H. Milne, pro se.*

**Holden, C.J.** The plaintiff seeks to recover for personal injuries which he claims were sustained at the hands of the defendant. The complaint charges the injuries were inflicted by the willful and malicious assault upon him by the defendant, without just cause or provocation. The process issued as a writ of attachment against the defendant's property; "and for want, thereof, his body take, if it be found within your precinct and safely keep him so that you may have him to appear before the Washington County Court * * *."

As commanded, and within the time prescribed, a deputy sheriff arrested the defendant on August 2, 1967, and immediately brought him before a district judge, as provided in 12 V.S.A. §3573. Upon inquiry by the magistrate concerning his counsel, the defendant asserted he would represent himself. After hearing the parties, the district judge fixed bail in an amount agreeable to the defendant. Security was then furnished and the respondent released. At this point the defendant stated: "I am making an objection, for the record to the fact that service of process was in the form of a body writ. That's all."

The defendant did not answer the complaint and failed to appear when the action was brought on for hearing in the county court on March 27, 1968. Damages were assessed and judgment for the plaintiff was entered by the county court on the following day.

 The defendant appeals from the judgment. He seeks to vacate the judgment on the single basis that the statute, whch authorized his arrest on mesne process, is unconstitutional. He claims his detention was a denial of due process and equal protection of the law, as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

The procedure, of which the defendant complains, is deeply imbedded in the common law.

(I)n cases of injury accompanied with force, the law, to punish the breach of the peace and prevent its disturbance for the future, provided also a process against the defendant's *person* in case he neglected to appear upon the former process of attachment, or had no substance whereby to be attached; subjecting his body to imprisonment by the writ of *capias ad respondendum* (that you take him to answer). Jones' Blackstone, Commentaries on the Laws of England, 281, §355.

We adopted the process by statute in the early history of the State. Laws of 1779. Slade, Vermont State Papers, pp. 287 and 383; 12 V.S.A. §§653, 3521 *et seq.*

"The Fourteenth Amendment, itself a historical product, did not destroy history for the States * * *. If a thing has been practiced for two hundred years by common consent, it will need a strong case for the Fourteenth Amendment to affect it." *Jackman* v. *Rosenbaum Co.,* 260 U.S. 22, 43 S.Ct. 9, 67 L.Ed. 107, 112. "The fact that a procedure is so old as to have become customary and well known in the community is of great weight in determining whether it conforms to due process * * *." *Anderson National Bank* v. *Luckett,* 321 U.S. 233, 64 S.Ct. 599, 605, 88 L.Ed. 692, 703; *Coler* v. *Corn Exchange Bank,* 250 N.Y. 136, 144, 164 N.E. 882, 65 A.L.R. 879; aff'd *Corn Exchange Bank* v. *Coler,* 280 U.S. 218, 50 S.Ct. 94, 74 L.Ed. 378. The authority to arrest on mesne process in actions of assault has persisted without challenge throughout a long history. Its validity, within the essentials of "due process," has been accepted.

In the presence of a full and adequate opportunity to be heard, the defendant ignores the merits of the litigation to claim a denial of due process solely because of his temporary arrest. In the language of Justice Cardozo, "the verdict of quiescent years" will not be thus lightly vacated. *Corn Exchange Bank* v. *Coler, supra,* 164 N.E. at 884, 65 A.L.R. at 882.

The defendant has demonstrated no irregularity in the process which detained him. Neither has he overcome the presumption of constitutionality which attends the statutes upon which it issued. *Dempsey* v. *Hollis,* 116 Vt. 316, 318, 75 A.2d 662.

*Judgment affirmed.*