## Mrs. Joseph (Edith) Cano v. Leonard Cano and Louis Cano

[285 A.2d 721]

No. 43-71

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, J.J.

Opinion Filed December 7, 1971

*Reginald T. Abare,* Barre, for Plaintiff.

*M. Martin Leinwohl,* Barre, for Defendants.

**Shangraw, J.** This action was initially brought in ejectment returnable before the District Court of Vermont, Washington Circuit, Unit No. 5. Following pleadings filed by the defendants, upon their request and motion, the cause was transferred to the Court of Chancery, Washington County.

Plaintiff alleged in her complaint that she is the owner of certain dwelling premises located at 75 Brooklyn St., Barre, Vermont. Since the decease of her husband, Joseph, in 1963, her husband's two brothers, the defendants Leonard and Louis, resided in this residence. Joseph at times is referred to in the record as Jose and Louis as Luis.

In plaintiff's complaint she seeks to evict the defendants from the premises and to recover for physical abuse which the plaintiff has endured in the sum of $4,000.00 by way of punitive damage, as well as for the use of and occupancy of the premises by the defendants since 1963.

The defendant, Leonard Cano, by an amended answer to the complaint, denied the allegations of the plaintiff and by way of affirmative defenses set forth the following:

> That from March, 1964, and at divers times there after, the Plaintiff induced and contracted with the Defendants that she would convey an undivided ½ interest in and to the real estate at 75 Brooklyn Street in the City of Barre, County of Washington and State of Vermont unto Leonard Cano, and that Louis Cano and Leonard Cano would and should remain and reside in said premises without cost or expense, except that Leonard Cano was to fix up said real estate, both inside and outside, over a period of time, as his time and finances permit.
>
> That during all this time, the Plaintiff represented, stated and caused to be known in the community that Leonard Cano owned an undivided ½ interest in and to said real estate, and the Plaintiff, from about March, 1964, and at divers times thereafter, the Plaintiff stated to Defendant Cano, in the presence of others, that she would and should cause to be prepared, a deed conveying

said undivided ½ interest unto said Leonard Cano, which the Plaintiff has failed and neglected to do.

That the Defendants relied upon the conduct, representation and statements of the Plaintiff, as above set forth, and believing the same to be true, and not otherwise, the Defendant, Leonard Cano, from about March, 1964, and at times material thereafter, has expended great sums of money in fixing up the interior and exterior of said real estate and has improved same in a sum to exceed Six Thousand Dollars ($6,000.00).

That the Plaintiff had full knowledge and notice of all of the facts and circumstances above alleged and full knowledge and notice of the fact that the Defendant Cano was expending great sums of money upon the faith of the representations, statements and conduct of the Plaintiff.

That the aforesaid statements and representations of the Plaintiff were untrue, and as the Plaintiff's conduct was contrary to the fact, she should not now be permitted to allege and maintain the contrary thereof and is estopped from so doing.

By way of further defense to plaintiff's action, the amended pleadings of the defendant, Leonard Cano, contain the following complaint in set off:

The Defendants, as a defense to the Plaintiff's action, allege that at the time said action was begun, the Plaintiff was indebted to them in the sum of Six Thousand Dollars ($6,000.00) for work and labor, care and diligence of the Plaintiff, done, performed and bestowed and for materials for the same provided before that time, from about March, 1964, and at diverse times thereafter, in remodeling, repairing, renovating, improving and maintaining of the real estate and premises located at 75 Brooklyn Street in the City of Barre, County of Washington and State of Vermont, all as agreed upon and contracted by the Plaintiff.

All to the damage of the Defendants in the sum of Six Thousand Dollars ($6,000.00).

Plaintiff, by way of a replication to the defendants' answer, joined issue and denied the allegations pleaded as affirmative

defenses by the defendants. Plaintiff further answered the defendants' claim in set off by denying liability as claimed by them, and further alleged that the property in question is in such a state of disrepair as not to be worth the sum of $6,000.00 as claimed by the defendants.

To summarize, an adjudication of the rights of the parties was thus presented to the chancery court for resolution.

Hearings were held by the chancellor on October 20, November 6, and December 29, 1970. Findings of fact were issued February 26, 1971, and followed by a decree dated March 8, 1971. The decree ordered and decreed that judgment be entered for the plaintiff to recover possession of the premises at 75 Brooklyn Street, City of Barre, and that a writ of possession issue forthwith. Defendant, Leonard Cano, has filed a notice of appeal to this Court.

Following is a summary of the findings of fact as determined by the chancellor. Jose Cano and Edith Cano acquired the property in question on October 21, 1958. Subsequent to the purchase the Cano family consisting of Leonard and Luis, brothers of Jose, also a mother, lived with Jose and Edith Cano. The mother died and the homestead was then occupied by Jose, Edith, Leonard and Luis.

A controversy arose between Jose and Leonard. Leonard left the premises at 75 Brooklyn Street, and went to live with his cousin, Victor Cano, on Victor's farm outside the City of Barre.

From the date of purchase and through March of 1963, Joseph and his brothers renovated parts of the property. After Leonard left Joseph and Luis renovated the stairway leading from the first floor to the second floor. They also sanded the hall floor and living room and papered the living room.

Jose died on March 10, 1963. Very soon after his death, Edith, Leonard and Luis Cano met and it was decided that Leonard would return to the Cano home and reside with Edith and Luis.

At the time Leonard returned to 75 Brooklyn Street an arrangement was worked out whereby Leonard and Luis would repair and maintain the property and buy the groceries. Edith was to pay the taxes, mortgage, insurance, lights, heat,

water and telephone. This agreement was not reduced to writing.

From 1963 to September, 1970, Edith Cano paid her obligations under the agreement. Starting in 1964 Leonard and Luis repaired, remodeled and renovated the property as required by their part of the agreement.

Leonard worked most of the time. Luis was disabled and drew a small pension. Most of the groceries were purchased by Leonard. Edith ate most of her meals away and occasionally cooked.

The record reveals that Luis became deceased April 1, 1970. In September of 1970 Edith left the premises after a violent disagreement with Leonard. Leonard has remained in possession of the premises since September, 1970. At the time of the hearings Leonard had a boarder.

The chancellor found that the value of improvements, repairs and renovations made by Leonard would equal a reasonable rent for the premises from the period 1963 to the present date. To conclude, the Court of Chancery, by its findings determined that it could not find by a preponderance of the evidence that Edith Cano ever agreed to give to Leonard Cano a half interest in the property in return for the repairs, renovations and remodeling that he did. The decree followed adjudging that plaintiff recover possession of the premises in question.

Leonard and the plaintiff each filed requests for findings of fact. Following the findings of the chancellor, Leonard filed exceptions to certain findings and also to the chancellor's failure to find as requested.

Leonard's complaints, as set forth in his brief, may be characterized as somewhat excessively detailed and repetitious. He devotes considerable space in his brief detailing the repairs, renovations and improvements made by him. He also calls attention to the evidence as it relates to the costs and value of these improvements. It appears undenied that he purchased a quantity of furniture to which plaintiff makes no claim.

Defendant, in substance, urges that the following finding of fact is inconsistent with, and not supported by the record.

16. The value of the improvements, repairs and renovations made by Leonard would equal a reasonable rent for the premises from the period 1963 to the present time.

There was also in the case a stipulation by the parties that ten dollars a week was a fair rental for the property. This finding is a recognition of, and an accounting for, the value of improvements, repairs and renovations claimed to have been made by Leonard. This result is supported by the evidence.

Notwithstanding the foregoing repairs, improvements and renovations, the controlling question is whether or not an agreement had been made on the part of the plaintiff to convey and deed to Leonard one-half interest in the Cano premises located at 75 Brooklyn Street, Barre, Vermont. The chancellor determined that the defendant, Leonard, had failed to sustain the burden of proof on this affirmative issue presented in his pleadings.

Defendant, Leonard, assigns error by reason of the court's failure to comply with the following requested finding:

> Witnesses Leo Bilodeau and Robert St. John testified that on several occasions, in the presence of Edith Cano, Leonard Cano discussed the arrangement which he had with Edith Cano to convey the ½ interest in 75 Brooklyn Street to him in exchange for the renovations and alterations which he was doing, and Edith Cano never denied this arrangement and understanding.

Following appears in the direct examination of Mr. Bilodeau by the attorney for the defendants:

> Q. And tell us what you heard on these occasions in connection with this arrangement between Edith Cano and Leonard Cano about the property?
> A. He talked about the house, he wanted to repair it, and that he was going to be—it was going to be a fifty-fifty proposition. He was going to have half the deed.
> Q. And what, if anything, Edith said?
> A. She never would admit it.

Later, on cross-examination of Bilodeau the following appears in the transcript:

> Q. But you never heard at any time Mrs. Cano say she consented to any allegation or statement made by Mr. Cano that he would have a half interest in the house?
>
> A. She didn't say it. She didn't admit it.

Later, on cross-examination of Mr. St. John the following appears in the transcript:

> Q. But she never said to you or to Leonard that he did have a half interest in the property?
>
> A. No, she never did say that.

On direct examination plaintiff testified that she did not recall making any arrangement with Leonard whereby he was to have a half interest in the house in exchange for fixing the house. Later, on cross-examination she denied that either she made, or that some statements were made by Leonard in her presence or in the presence of other people that he was to have a half interest in the house in exchange for repairs to the house.

In the case of *Taylor* v. *Henderson,* 112 Vt. 107, 116, 22 A.2d 318 (1941), this Court held that statements made by a defendant, though not directly denied, did not obligate the chancellor to accept it as conclusive, nor to believe it.

█ The precise question as to whether or not plaintiff agreed to transfer and convey unto Leonard a half interest in the Brooklyn Street property was for the Chancellor's determination. To this end, the weight of the evidence and the credibility of the witnesses was for him to determine, and all conflicts must be resolved against the excepting party. It is a well recognized principle that an exception to the refusal to find a fact as requested, cannot be sustained where there is evidence fairly and reasonably tending to show the contrary. *Taylor* v. *Henderson, supra,* 112 Vt. at 111; *Rugg* v. *Degman,* 96 Vt. 175, 178, 118 A. 588 (1922).

On exceptions to findings this Court must assume that the court carefully and impartially considered all evidence bearing on the issue in the absence of a contrary showing. *Dwinell* v. *Alberghini,* 115 Vt. 394, 399, 62 A.2d 124 (1948); *Putnam* v. *Woodard,* 111 Vt. 39, 43, 10 A.2d 186 (1940).

Findings of fact must stand if there is any credible evidence fairly and reasonably supporting them. *Montgomery, et al.* v. *Branon, et al.,* 127 Vt. 83, 87, 238 A.2d 650 (1968).

█ Defendant, Leonard, assigns further error by reason of the chancellor's failure to find certain requested facts and to certain findings. We have carefully reviewed the record and find them of insufficient merit to affect the result and they need not be discussed in this opinion.

█ The material findings are supported by the evidence and the decree should not be disturbed.

*Decree affirmed.*