## Cathleen B. Harrington v. Mary A. B. Decker

[356 A.2d 511]

No. 179-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed April 6, 1976

*John M. Kilmurry*, Montpelier, for Plaintiff.

*Leighton C. Detora* of *Richard E. Davis Associates, Inc.*, Barre, for Defendant.

**Per Curiam.** On May 23, 1975, the deputy clerk of the Washington Superior Court gave notice that commencing on June 3, 1975, at 9:30 a.m., five juries would be drawn and impanelled, and in addition, it was noted that ten additional cases should be prepared to draw a jury on short notice. The plaintiff's case was fifteenth. On June 2, 1975, plaintiff's counsel was notified by the deputy clerk to be present the next day at 9:30 a.m. to proceed with the jury drawing. Counsel for the plaintiff notified her of the schedule change on the morning of the stated day. Plaintiff failed to appear at the Washington Superior Court until 11:00 a.m., which was subsequent to the drawing and impanelling of the jury. Neither the plaintiff nor her counsel indicated any displeasure or objection to the procedures used in drawing the jury or in the selection of the jury. After trial, a defendant's verdict was returned, and from the resulting judgment, the plaintiff now appeals, raising for the first time her objection to not being present when the jury was drawn.

■■ The right to trial by jury in civil cases is guaranteed by the Vermont Constitution, Chapter I, Article 12, and the United States Constitution, Seventh Amendment. *Dempsey* v. *Hollis*, 116 Vt. 316, 318, 75 A.2d 662 (1950). This right carries with it the privilege to be present at the selection of the jury. Although this Court does not approve of the nonconsensual drawing of civil juries in the absence of the parties, the plaintiff's right in the case at bar was not denied in view of the failure of the plaintiff to appear when properly notified or to show inability to be present, and the failure of the plaintiff to show any prejudice.

■■ The burden is upon the plaintiff to produce a record of improper activity on the part of the trial court. No such record is here shown. *Lafko* v. *Lafko*, 127 Vt. 609, 256 A.2d 166 (1969). Further, a question not raised below is not for consideration here. A trial court may not be put in error on a point not made below. *J. L. Bilodeau & Co., Inc.* v. *Reed*, 119 Vt. 342, 126 A.2d 118 (1956).

*Judgment affirmed.*