### State of Vermont v. Bradley LaGoy

[383 A.2d 604]

No. 285-76

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 7, 1978

40

*William H. Sorrell*, Chittenden County State's Attorney, and *Mark J. Keller*, Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Defendant.

**Daley, J.**   The defendant was charged with armed robbery. On July 19, 1976, the court appointed counsel and entered a pro forma plea of not guilty to the charge, and trial was set for September 1, 1976. On that date the defendant appeared with his counsel and personally informed the court of his desire to change his plea from not guilty to not guilty by reason of insanity. The court denied the request because defendant had failed to give notice of his intention to rely upon the defense of insanity as required by V.R.Cr.P. 12.1(a). He countered by claiming that he had not been informed of the notice requirement. Noting that the case had been set for some time, the court asked counsel whether he was prepared to go to trial. Counsel responded that he was prepared, and the jury was empanelled which ultimately convicted the defendant.

On appeal from the judgment entered upon the verdict of guilty, the defendant claims that the trial court should have relieved him of the notice requirement and that the failure to do so deprived him of his constitutional right to present an insanity defense.

Although the plea of not guilty by reason of insanity was abolished upon our adoption of the Rules of Criminal Procedure, *State* v. *Lapham,* 135 Vt. 393, 377 A.2d 249, 251 (1977); V.R.Cr.P. 11(a), 12(a), a defendant must still give notice of his intention to rely on an insanity defense. V.R.Cr.P. 12 (f) (2) (H), 12.1(a). Absent the requisite notice, the court, except for good cause shown, shall exclude the testimony of any witness offered as to the defense. V.R.Cr.P. 12.1(c). The current rule is consistent with prior practice under 13 V.S.A. § 6562, now repealed, except that under the rule the court may relieve the defendant from the sanction for cause. See Reporter's Notes, V.R.Cr.P. 12.1.

Under former 13 V.S.A. § 6562, as construed by this Court in *State* v. *Rickert,* 124 Vt. 380, 386, 205 A.2d 547, 552 (1964), an accused who failed to give notice at the time required had no absolute right to avail himself of the insanity defense, although the court in its discretion might permit him to do so. The defendant here contends that the court abused its discretion and thereby denied to him his constitutional right to present an insanity defense. According to the defendant, his lack of knowledge of the notice requirements constituted "good cause" which should have relieved him from the sanctions of the rule. Defendant further claims that the prejudicial effect of this abuse of discretion is compounded by the trial court's failure to hold an omnibus hearing which would have given him the opportunity to express his desire to raise an insanity defense. Finally, defendant complains that under the circumstances the trial court should have granted a continuance.

The test of an abuse of discretion in this state is the failure to exercise discretion or its exercise on reasons clearly untenable or to an extent clearly unreasonable, and so long as a reasonable basis for the court's discretionary action is demonstrated, this Court will not interfere. *Brooks* v. *Brooks,* 131 Vt. 86, 92, 300 A.2d 531, 535 (1973). A party alleging abuse of judicial discretion has the burden of proof. *Kissell* v. *Kissell,* 131 Vt. 77, 81, 300 A.2d 551, 553 (1973).

Since the defendant had not complied with the notice requirements, it became incumbent upon him to offer

facts, circumstances, representations or testimony demonstrating support for an insanity defense, in addition to sufficient explanation for his tardiness in raising it. See *State v. Rickert, supra,* 124 Vt. at 384–86, 205 A.2d at 551, 552. Accord, *State v. Parker,* 19 Ariz. App. 204, 206, 505 P.2d 1095, 1097 (1973); *Gallegos v. People,* 166 Colo. 409, 415–16, 444 P.2d 267, 271 (1968); *State v. Taylor,* 254 La. 1051, 1059, 229 So. 2d 95, 97–98 (1970). Had such matters been presented, the court would have been called upon to determine, as a matter of discretion, whether good cause for relief from the sanctions existed. The trial court apparently did not consider as good cause the defendant's statement, made while represented by counsel, that no one had informed him of the notice provisions, and neither do we.

■ Furthermore, the failure of the court to hold an omnibus hearing lends no support to the defendant's claims. Such hearings are not required unless requested by a party or by the court on its own motion. V.R.Cr.P. 12(f). The record reveals no request made by the defendant or his counsel, and no other reason why the court should have proceeded with a hearing on its own motion. Likewise the record indicates there was neither a motion for continuance made once the court had denied defendant's motion for a change of plea, nor grounds to support such a motion had one been made. Ordinarily, what is not raised below, we will not consider here. *Harrington v. Decker,* 134 Vt. 259, 261, 356 A.2d 511, 512 (1976); See V.R.Cr.P. 52.

■ Finally, the defendant would bolster his argument that he was denied his constitutional right to raise an insanity defense by reference to a post-conviction psychiatric report which he claims indicates the possibility of such defense. However, this report was not only non-existent at the time of the court's ruling, but was never placed before the court for consideration in connection with the claims of error presented here in any post-trial motion for new trial or arrest of judgment. Since the claim is made for the first time in this Court, we give it no consideration. *Harrington v. Decker, supra,* 134 Vt. at 261, 356 A.2d at 512. See V.R.Cr.P. 52.

No abuse of discretion having been demonstrated, our entry will be: *judgment affirmed.*