# Cushing & Sons v. Edmund G. Labbe, Sr. and Joan Labbe

[402 A.2d 1192]

No. 152-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

*Divoll & Doores,* Bellows Falls, for Plaintiff.

*Kissell & Massucco,* Bellows Falls, for Defendants.

**Daley, J.** The defendants appeal from a judgment rendered against them in a civil action brought by the plaintiff to recover the balance due upon a contract for the installation of a well on the defendants' premises. The plaintiff sought to recover upon the provisions of a written work order signed by

him on August 8, 1975, and by the defendant Edmund Labbe, Sr., at some time in 1976, before the well was dug and installed. The defendant admittedly signed the work order but claims it did not constitute the agreement of the parties. He says it was superseded by a new and different oral agreement by the terms of which the plaintiff was to install the well at a cost not to exceed $1,000. This was his affirmative defense.

The defendants' principal claim of error is that, by admitting the work order as an exhibit, the court precluded them from establishing their defense. They also claim the court erred in allowing interest and attorney fees.

The evidence presented to the court was the testimony of both parties, the written work order and statements of account rendered by the plaintiff to the defendants. The statements of account included payments made by the defendants. The plaintiff testified that he never contracted orally with either of the defendants. The record shows—contrary to the defendants' assertion on appeal—that one of the defendants, Edmund Labbe, Sr., was permitted to testify at length relative to his alleged defense.

Although the findings of fact were largely so-called "Krupp" findings, see *Krupp* v. *Krupp*, 126 Vt. 511, 513, 236 A.2d 653, 654–55 (1967), and not fully in accord with the principles contained in *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 220–21, 315 A.2d 463, 466 (1974), we believe there are sufficient findings of fact upon which the issues presented may be decided.

Upon conflicting evidence, the court found that the work order dated August 8, 1975, constituted the agreement of the parties for the work to be performed by the plaintiff and that the defendant was bound by this agreement. On appeal, the defendant reasserts his claim that the contract had been modified and challenges the court's finding that the work order constituted the contract.

It is well established that the credibility of the testimony of the parties and the weight to be given such testimony is the sole province of the trial court. *Capital Candy Co.* v. *Savard*, 135 Vt. 9, 12, 369 A.2d 1361, 1362 (1976). Findings will not be set aside unless they are clearly erroneous. D.C.C.R.

52; *Monti* v. *Town of Northfield*, 135 Vt. 97, 100, 369 A.2d 1373, 1376 (1977). We must affirm the findings if they are fairly and reasonably supported by credible evidence. *Fin* v. *Middlebury College*, 136 Vt. 543, 544, 394 A.2d 1152, 1153 (1978). After reviewing the record, we conclude that the evidence supports the court's finding. *Cano* v. *Cano*, 129 Vt. 598, 605, 285 A.2d 721, 726 (1971).

■ Concerning the defendants' claim that the court erred in assessing interest, we note first that the written agreement provided for the payment of interest. Furthermore, no claim was made below relative to interest or its computation. Claims not raised below will not be passed upon here for the first time. *Harrington* v. *Decker*, 134 Vt. 259, 261, 356 A.2d 511, 512 (1976).

■ The defendants' final claim is that the court erred in awarding attorney fees. In the contract found by the court the defendant agreed to pay all attorney fees if incurred. The only testimony as to attorney fees was that the plaintiff had agreed to pay a fee equal to one-third of the total recovery. The trial court allowed a recovery of $1,074.59 and added attorney fees in the sum of $500. In so doing, the court erred in awarding an amount which exceeds one-third of the recovery. We will not, however, reverse for this reason, but will vacate the judgment and remand the cause for the entry of a new judgment order which incorporates the correct amount of allowable attorney fees.

*Judgment vacated, cause remanded for the entry of a new judgment order consistent with this opinion.*