*Murphy v. Anderson*, No. 180-4-19 Wncv (Tomasi, J., Feb. 11, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Washington Unit | CIVIL DIVISION<br>Docket No. 180-4-19 Wncv |
| Daniel Murphy,<br>      Plaintiff<br><br>v.<br><br>Glenn Andersen,<br>      Defendant | ENTRY ORDER |

Today, this matter came for jury draw before the Court. It had been duly noticed to the parties. Defendant failed to appear. When reached by telephone, Defendant acknowledged that he had received notice. He further acknowledged that he had been informed during the lunch hour that he could still come to court for the draw. He was unable to make the trip. Plaintiff requested that the Court either dismiss Defendant's counterclaim or deem Defendant to have waived his right to a jury trial. The Court discussed with Defendant whether he wished to participate in the draw by telephone. He indicated that he had other obligations but agreed to a description of the case and counterclaim that the judge could state to the jury and agreed that his participation would be limited to a brief greeting to the jury. Otherwise, Defendant voluntarily agreed to waive further participation in the draw. The draw proceeded and a jury was selected.

The Court's decision was guided by the following principles:

1.    The Vermont Supreme Court has counselled against dismissal of claims as a remedy for a failure to appear at jury draw. *See Lamell Lumber Corp. v. Newstress Intern., Inc.*, 2007 VT 83, ¶ 23, 182 Vt. 282, 297.

2.    It is uncertain when the next jury draw will be held in Washington County. As a result, allowing a continuance of the matter would unduly delay resolution of this case. As a result, a mere award of

attorney's fees would not be an adequate sanction for Defendant's nonappearance. *Cf. id.*

3.     While the right to a jury trial typically carries with it the right to be present at the draw, where a party fails to appear, had notice and the circumstances warrant it, a court can lawfully proceed with the draw. *See Colon v. Mack*, 56 F.3d 5, 7, (2d Cir. 1995); *see also Harrington v. Decker*, 134 Vt. 259, 261 (1976) (approving practice under circumstances of the case).

4.     Defendant was afforded the opportunity to come to court or to participate in the draw by telephone. Instead, aside from the participation described above, he chose to waive his right to be present for the draw. The Court confirmed his waiver a number of times.

In the Court's view, under the circumstances of this case, the above process was appropriate and satisfied all demand of the federal and state Constitutions and the Civil Rules.

Electronically signed on February 11, 2020 at 05:09 PM pursuant to V.R.E.F. 7(d).

_____
Timothy B. Tomasi
Superior Court Judge