STATE *v.* EDWARD GAFFNEY AND GEORGE FIELDS.

*Criminal Law. Challenge of Juror. Evidence. Question for Court.*

1. The better rule is, though not universal, that a respondent in a criminal trial has no ground of complaint, when he challenges a juror for cause and is refused, and then challenges peremptorily, if he has challenges left when the panel is filled.

2. MINUTES OF JUSTICE OF THE PEACE *not admissible on trial in the County Court.* The minutes of a justice of the peace taken at a court of inquiry, and filed in accordance with the statute, [R. L. s. 1670-72] are not admissible as independent evidence in the trial in the County Court, for the purpose of contradicting a witness.

3. QUESTION FOR COURT. Whether there be *any* evidence is a question for for the court; whether *sufficient* evidence, is a question for the jury; thus, on the trial of several respondents charged with an assault, the court told the jury that there was evidence tending to prove a combination. *Held*, no error.

4. R. L. ss. 1670, 1672, testimony in court of inquiry to by written by a justice of the peace and filed with the clerk of the county,—construed.

INDICTMENT in three counts, charging the respondents with an assault on one Henry Barrell ; the first, with an assault with a

" dangerous weapon " with intent to kill; the second with intent to kill; and the third with an assault. Plea, not guilty. Trial by jury, May Term, 1883, TAFT, J., presiding. Verdict guilty with intent to kill. The respondents were tried together. The counsel for the respondents, after asking a juror many questions as to whether he had read an account of the affray, and had formed and expressed an opinion, and the answers thereto, challenged him for cause. The challenge was overruled; and the respondents then challenged peremptorily; but neither of the respondents had exhausted his peremptory challenges. The prosecution produced one Beckwith as a witness, who had testified at the court of inquiry before the justice. The testimony at the court of inquiry had been written down and filed by the justice according to the statute. The counsel for the respondents offered that portion of the justice's minutes which contained Beckwith's testimony, to contradict his testimony given on trial. This was excluded. There was no evidence of a prior conspiracy; but there was evidence that they all participated more or less, and combined in the assault. The other facts are stated in the opinion.

*William Batchelder*, for the respondents.

The juror was clearly disqualified. *State* v. *Meaker*, 54 Vt. 112; *State* v. *Hayden*, 51 Vt. 307. The court had no right to compel the respondents to resort to a peremptory challenge, legal cause being shown for dismissal of the juror. It had no right to allow a legally disqualified juror to sit. The testimony taken by the justice was admissible. There was error in taking from the jury the question whether the respondents combined in the assault.

*William W. Stickney*, State's attorney, and *Gilbert A. Davis*, for the State, argued substantially as the court hold.

The opinion of the court was delivered by

ROWELL, J. The respondent Gaffney not insisting on the

exceptions, they were argued on behalf of the respondent Field only, who was not injured by the refusal of his challenge for cause, as he peremptorily challenged the juror and had challenges left when the panel was filled. *State* v. *Dodson*, 16 S. C. 453; *Burrell* v. *The State*, 18 Tex. 713; 3 Whart. Crim. Law, (7th ed.,) s. 3152. This is the better rule, though it is not universal. *People* v. *Bodine*, 1 Denio, 281.

The statute making it the duty of justices in the hearing of all criminal cases to write down in substance the testimony of all witnesses testifying before them, and to file such testimony with the county clerk in cases of appeal or holding to bail, contains no provision making such minutes admissible as evidence. It is not even required that they be certified as correct; nor is there any provision as to what use may be made of them. It is obvious that they are useful to acquaint the prosecuting attorney with the evidence in the case, as well as to refresh the recollection of witnesses. Had it been the purpose to make such minutes admissible as independent evidence, the statute would have said so, as it has in the case of transcripts of stenographic notes of testimony.

The court did not, as contended, take from the jury the question of whether the respondents combined in the assault. It told the jury that there was *evidence* of such combination; and this was its province. Whether there be *any* evidence, is a question for the court; whether *sufficient* evidence, is a question for the jury. Buller, J., in *The Company of Carpenters* v. *Hayward*, Dougl. 374; 1 Greenl. Ev. s. 49; 1 Best Ev. s. 82.

There is no error in the proceedings below, and the respondents take nothing by their exceptions.