## State *vs.* Frank Albano.

### Cumberland.    Opinion December 23, 1920.

*Challenge for cause.   Overruled.   Exception.   Remaining peremptory challenges.*
*Waiver of rights under exception to overruling challenge for cause.   Rights*
*of respondent not prejudiced if a peremptory challenge remain,*
*or he has not availed himself of his right under R. S., Chap. 78,*
*Sec. 100, to challenge one from the*
*completed panel.*

Even where the court erroneously overrules a respondent's challenge for cause to the competency of a juror and the respondent excepts, he will be held to have waived such exception, if having peremptory challenges unused, he fails to remove such incompetent juror by the exercise of one of his peremptory challenges, unless it shall be made to appear that he was thereby prejudiced by being finally obliged to accept an objectionable juror against his wishes.

On exception by respondent.   The respondent was indicted at the January Term of the Superior Court for the County of Cumberland, 1920, for keeping and maintaining a gambling nuisance in violation of Section 1, Chapter 23, of the Revised Statutes. Respondent requested a drawn jury and the eleventh juryman was challenged for cause by respondent which was overruled by the presiding Justice, and the respondent took exception.

Exception overruled.

Case is stated in the opinion.

*Carroll L. Beedy, and Clement F. Robinson,* for the state.

*W. H. Murray,* for respondent.

Sitting: Cornish, C. J., Spear, Hanson, Philbrook, Morrill, Wilson, JJ.

Wilson, J.   The respondent was being tried on an indictment charging him with keeping and maintaining a gambling nuisance. A drawn jury was requested by the respondent.   The eleventh

juryman upon being sworn on his *voir dire* in reply to a question by respondent's counsel as to his views on card and pool playing said: "I feel that a community would be better off without either pleasure, as a whole."

And in response to an inquiry by the court as to whether he thought his views would prevent him from rendering a true verdict upon the evidence presented in court said: "No, sir, I think I should not be prejudiced, if the evidence indicated there was nothing wrong." Whereupon the respondent challenged for cause on the ground that such a bias or prejudice was disclosed by the juror's answer to the court's inquiry that it would require evidence to remove it. His challenge for cause was overruled by the presiding Justice, and the case is now before this court on the respondent's exception to this ruling.

It appears from the bill of exceptions that the respondent still had three peremptory challenges left when the eleventh juror was chosen and the case does not show that he later exercised any of them or his statutory right under Sec. 100, Chap. 87, R. S., to challenge one from the panel after it was complete.

While the answer of the juror to the inquiry of the court may have indicated a state of mind that was not open and impartial such as should be required of a juryman in a criminal case, still we think by permitting the juror to serve, knowing his views, when he could have removed him by the exercise of one of his peremptory challenges, the respondent must be held to have waived his rights under his exceptions, unless it is made to appear that he would have been prejudiced by the use of one of his peremptory challenges for this purpose, which the case does not disclose.

It is held by the overwhelming weight of authority that where a juror was incompetent, though the trial court erred in overruling a challenge for cause, if the juror is then removed by a peremptory challenge, the respondent cannot maintain an exception to the erroneous ruling of the court, unless it appears by reason of thus exercising one of his peremptory challenges he is finally compelled to accept an objectionable juror against his wishes. Bishop Crim. Procedure, Vol. 1, Sec. 943 a; *Stuart* v. *Hoyt*, 47 Conn., 518, 529; *State* v. *Gaffney*, 56 Vt., 451; 24 Cyc., 323, XIII, E, 8.

Since the rights of a respondent can be fully preserved in case he is finally compelled to accept an objectionable juror through

having used a peremptory challenge to remove an incompetent juror by reason of his challenge for cause being erroneously overruled, we think the interests of justice require that he should first use all the means the law has provided him to obtain an impartial jury and if it then appears that he has been prejudiced by na erroneous ruling of the trial court, this court will grant him proper relief.

While New York and a few other States hold to the contrary, *People* v. *McQuade*, 110 N. Y., 248; *Brown* v. *State*, 57 Miss., 424; *Birdsong* v. *State*, 47 Ala., 68; *Dowdy* v. *Com.*, 9 Gratt, (Va.) 727, the great weight of authority supports the rule above laid down, that a party still having peremptory challenges unused, who permits an incompetent juror to take his seat or remain on the panel with full knowledge of his prejudicial views, must be held to have waived his exceptions to an erroneous ruling of the trial court denying his challenge for cause, unless it appears that by using one of his peremptory challenges to remove such incompetent juror, he would later have been compelled to accept an objectionable juror, even though not incompetent, through the exhaustion of his peremptory challenges. *State* v, *Smith*, 47 Conn., 377; *Presswood* v. *State*, 50 Tenn., 468; *People* v. *Aplin*, 86 Mich., 393; *People* v. *Durant*, 116 Cal., 179, 196; *Davidson* v. *Bordeaux*, 15 Mont., 245; *State* v. *Elliott*, 45 Iowa, 486; *Palmer* v. *People*, 4 Neb., 68, 75; *Mabry* v. *State*, 50 Ark., 492, 498; *State* v. *Pritchett*, 106 N. C., 667; *State* v. *Stockman*, 9 Kan., App., 422. Also see Ency. of Pleading and Practice, Vol. 12, Pages 505-509, where the cases on this point are collated.

We feel that the practice in so many jurisdictions having been so uniformly contrary to the New York rule, and for so long a time, it is fair to presume that no prejudice to the rights of respondents in criminal cases or litigants in civil actions has been found to result. It seems no more than a requirement that all parties shall exercise good faith in the use of the powers the law has entrusted to them for securing an impartial jury.

*Exception overruled.*