## State of Vermont v. Stephen C. Holden

[385 A.2d 1092]

No. 308-76

Present: Daley, Larrow, Billings and Hill, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 4, 1978

*William H. Sorrell,* Chittenden County State's Attorney, and *Norman R. Blais,* Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Billings, J.** On June 10, 1976, an information was filed with the District Court of Vermont, Unit No. 2, Chittenden Circuit charging that the defendant-appellant, on May 26, 1976, at Essex, Vermont, "was then and there a person who, armed with a black and silver dagger and a Daisy $CO_2$ pellet pistol, and stole in the presence of Sondra Lee Norton, said Sondra Lee Norton's money, the subject of larceny, $350.00, all in violation of Title 13, V.S.A., Section 608(b)." On the day of trial, immediately prior to the drawing of the jury, the State moved to amend the information so that it charged that the defendant "was then and there a person, who being armed with a dangerous weapon, to wit: a knife and a pellet pistol, assaulted another, to wit: Sondra Norton and did steal in her presence, to wit: $278 (Two Hundred Seventy-Eight Dollars), all in violation of Title 13, Section 608(b), V.S.A." The trial court granted the State's motion, over defendant's objection, and proceeded to trial with the speed of the Concorde stating: "We are going to trial today." Trial by jury was forthwith held, and defendant was convicted of armed robbery and assault. Defendant now appeals.

Defendant alleges that the trial court erred in allowing the amended information or, in the alternative, in not allowing a requested continuance following the amendment of the information. He urges further that the court erred in not removing a juror for cause despite defendant's repeated challenges on the ground that the juror had expressed an inability to accept the presumption of defendant's innocence, denying defendant his right to a trial by an impartial jury. Because of the trial court's refusal to remove this juror for cause, defendant was obligated to exhaust his peremptory challenges to effect her removal, even though, as shown by the record, defendant desired to reserve his final peremptory challenge for another juror. Finally, defendant charges that the final argument of the State's Attorney was improper.

An information must set forth the charge "with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense." *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807, 810 (1956); see U.S. Const., amend. VI; Vt. Const., ch. I, art. 10. The examination of an information "is not a subjective inquiry as to what the accused actually understood, but a scrutiny of the charge, as made, to determine what offense is reasonably indicated by its language." *State* v. *Christman,* 135 Vt. 59, 61, 370 A.2d 624, 625 (1977); *State* v. *Woodmansee,* 124 Vt. 387, 390, 205 A.2d 407, 409–10 (1964). Pursuant to V.R.Cr.P. 7(d), greater liberality of amendment of an information during trial and before verdict is permissible provided "no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The wording of the original information here charged larceny, while the amended information charged an additional element of assault and thus armed robbery. Clearly, the amended information charges an additional or different offense from the one originally charged. The trial court erred in not granting the defendant's request for a continuance for time to prepare his defense to the new charge and to consider whether to seek private counsel.

During the voir dire, one juror on three separate occasions expressed her belief that a defendant had an obligation to prove his innocence. Although the State's Attorney through use of leading questions attempted to rehabilitate the juror, from our review of the record it is clear that the juror was not comfortable with the presumption of innocence that attends the defendant throughout his trial. *State* v. *Rowan*, 246 La. 38, 47, 163 So. 2d 87, 91 (1964). The defendant has a constitutional right to a trial by an impartial jury. U.S. Const., amends. VI, XIV; Vt. Const., ch. I, art. 10. If upon examination a juror shows a state of mind evincing a fixed opinion, bias or prejudice, she is properly subject to challenge for cause. *Lattrell* v. *Swain*, 127 Vt. 33, 36, 239 A.2d 195, 197 (1968). If a prospective juror has a belief that a defendant carries any burden whatsoever of proving his innocence, that juror is removable for cause. *Breeden* v. *Commonwealth*, 217 Va. 297, 227 S.E.2d 734 (1976).

In the case at bar, the prospective juror did not actually sit on the jury, because the defendant exercised his last peremptory challenge to remove her. The record, however, clearly indicates that there was at least one other juror that the defendant desired to remove by peremptory challenge. This distinguishes the instant case from *Lattrell* v. *Swain*, *supra*, where not all of the peremptory challenges were exercised. We hold that, on the record here, to force a defendant to use his last peremptory challenge to exclude a juror challengeable for cause, where defendant indicates that there is another juror that he desires to peremptorily challenge, is reversible error. *Breeden* v. *Commonwealth*, *supra*.

Defendant claims that the State's Attorney's closing argument relative to the State's impartiality in the case at bar and the people's intolerance of armed robbery generally went beyond the bounds of argument permitted in this jurisdiction. See *State* v. *Lapham*, 135 Vt. 393, 405–08, 377 A.2d 249, 256–58 (1977); *State* v. *Parker*, 104 Vt. 494, 502–03, 162 A. 696, 700 (1932). If we were not reversing this cause on other grounds, the claimed errors in argument might well be a basis for reversal. We do not, however, reach this issue.

*Reversed and remanded.*