## State of Vermont v. Herbert Lawrence

[409 A.2d 997]

No. 16-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 15, 1979

598

*Mark J. Keller,* Chittenden County State's Attorney, and *Thomas F. Garrett,* Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson* and *Charles S. Martin,* Appellate Defenders, and *David Rath,* Law Clerk (On the Brief), Montpelier, for Defendant.

**Daley, J.** The defendant appeals from his conviction for attempted armed robbery at the Mill Restaurant in Winooski, Vermont, on September 26, 1976. The conviction resulted from trial by jury in the district court in November 1977. The defendant does not challenge the sufficiency of the evidence to support his conviction. His claims of prejudicial error arise out of the trial court's denial of one of his challenges for cause, and from the prosecutor's opening statement. We treat the latter issue first.

In his opening the prosecutor outlined the State's case by naming the witnesses it would call and the general substance of their expected testimony. In reference to one of these witnesses, the prosecutor said:

> The State will also be calling in the nature of an identification witness a man by the name of Allan Johnson who shared a cell with Mr. Lawrence at the Correction Center last Spring. It is during the time that they shared a cell that Mr. Lawrence made some statements to Mr. Johnson about his participation in this attempted armed robbery at the Mill.

Defense counsel made no objection, but seasonably moved for a mistrial on the ground that the prosecutor's statement could have a prejudicial effect on the jury by indicating that the defendant was incarcerated before he was charged with the offense being tried.

The court denied the motion, stating that there was not sufficient prejudice to warrant mistrial at that time. The court did advise counsel, however, that if and when it became necessary to elicit the information that the defendant and Johnson had shared a cell, it would then give a cautionary instruction.

Immediately before Johnson was called to the stand, the court called the parties to the bench, and informed the defense counsel that Johnson would testify as outlined in the opening statement. The court asked counsel whether he wanted a cautionary instruction to be given before, during, or after Johnson's testimony. Counsel asked to reserve the right to an instruction depending on how damaging he felt the testimony was with respect to the prior incarceration. The court allowed the defense to reserve the right to request a cautionary instruction at the end of Johnson's testimony.

Johnson testified, without objection, that he shared a room at the correctional center with the defendant for a few weeks, and that during this time the defendant talked about the attempted armed robbery at the Mill Restaurant. Johnson did not, however, indicate when it was that he and the defendant had been roommates. Although he testified that he recalled the conversations, he refused to testify as to their

content. The jury was excused. Despite the threat of contempt proceedings, the witness refused to testify further.

The witness was excused, and court was recessed for the day. The next day, the court instructed the jury that, except for the brief testimony that they had heard, Johnson would not be a witness in the case. The court further cautioned:

> Consequently, you are not to consider any statements that may have been made by either of the attorneys as to what Mr. Johnson would have said had he testified. Because of his refusal to testify he is no longer an available witness in the case and therefore any representation that may have been made, particularly by the State's Attorney, as to what his testimony would have been had he concluded his testimony should be disregarded by the jury.

The defense made no request for further cautionary instructions, either after the aborted testimony or in its requests to charge, nor did it make a motion to strike. Johnson's testimony was not referred to by either party in summation. The defense did not object to the court's charge, which contained no instruction regarding defendant's incarceration with Johnson.

In its brief and at oral argument, defendant contends that the prosecutor's opening statement, combined with the testimony of Johnson, indicated prior incarceration and thus constituted improper introduction of evidence of criminal character. See generally *State* v. *Shuttle*, 126 Vt. 379, 230 A.2d 794 (1967); *State* v. *Garceau*, 122 Vt. 303, 170 A.2d 623 (1961). Before we examine the impact of the prosecutor's opening statement, we must point out that the effect of Johnson's testimony is not an issue in this case.

■ Defendant made no objection to Johnson's testimony, requested no cautionary instructions, did not object to the instructions given, and did not move to strike the testimony. Furthermore, in his post-conviction motion for judgment of acquittal, or, in the alternative, for a new trial, defendant claimed prejudicial error on the basis of the prosecutor's opening statement, but not on the basis of Johnson's testimony. Issues not raised below will not be considered for the first time in this Court. *State* v. *LaGoy*, 136 Vt. 39, 42,

383 A.2d 604, 606 (1978). Under the circumstances, the defendant has waived any exception to Johnson's testimony, and he must assume responsibility for whatever prejudice to his case derives therefrom. *State v. Berard,* 132 Vt. 138, 145, 315 A.2d 501, 506–07 (1974).

Defendant's claim of prejudice from the prosecutor's opening statement, however, was preserved by a timely motion for mistrial. "A motion for mistrial is addressed to the trial court's discretion, and the denial of the motion will be held erroneous only if prejudice is affirmatively made to appear." *State v. Berard, supra,* 132 Vt. at 145, 315 A.2d at 506. There is no abuse of discretion unless the party claiming it proves a total failure to exercise discretion, or its exercise upon grounds that are clearly untenable or to an extent clearly unreasonable. So long as some reasonable basis for the court's discretionary action appears, this Court will not interfere. *State v. LaGoy, supra,* 136 Vt. at 41, 383 A.2d at 606. Furthermore, the party claiming prejudice has the burden of proving it. *State v. Berard, supra,* 132 Vt. at 145, 315 A.2d at 506. Whether prejudice exists depends on the facts of each case to be considered within the context of the entire proceeding. *State v. Rebideau,* 132 Vt. 445, 449, 321 A.2d 58, 61 (1974). Ultimately, therefore, the issue here is whether there was no reasonable ground for the court's ruling, and if not, whether, under all the circumstances, the prosecutor's statement was so prejudicial as to deny the defendant a fair and impartial trial. *State v. Rebideau, supra,* 132 Vt. at 448, 321 A.2d at 60; *State v. Shuttle, supra,* 126 Vt. at 383, 230 A.2d at 797; *State v. Garceau, supra,* 122 Vt. at 307, 170 A.2d at 626.

At such an early stage in the proceedings as the opening statement, it was reasonable for the court to be reluctant to grant a mistrial. The court could not at that time know whether the evidence of incarceration would be minimized, maximized, or even used by the defense to impeach Johnson. The court also reasoned that Johnson's testimony could not be meaningfully presented without stating where the conversations testified to took place. Upon these considerations, the court in its discretion decided that a cau-

tionary instruction would sufficiently cure any harm done. We cannot say that this was an abuse of discretion.

Nor is the requisite prejudice shown. The prosecutor's statement was but one moment in an extended trial. *State* v. *Rebideau, supra,* 132 Vt. at 449, 321 A.2d at 61. When it was made, no evidence had been admitted and the jury had been twice instructed that statements of counsel were not evidence, and were not to be considered by them in deciding the case. Furthermore, the claimed prejudice that the jury was influenced by awareness of defendant's criminal character is in this case highly attenuated. First, only by combining the date of the information, July 1st, with the prosecutor's reference to sharing a cell "last spring," could the jury infer that the defendant was incarcerated for an offense different than the one charged in this case. This means that the jury would have to both remember the date of the information and understand that a criminal defendant cannot be incarcerated for any appreciable period of time prior to the filing of an information. Finally, the jury would have to infer from the prior incarceration that defendant was not merely in the correctional center pending trial, but had in fact been convicted, and thus had a criminal character. Such speculative prejudice can hardly be called irreparable. "[T]he court's denial of mistrial was in effect a ruling that no such irreparable prejudice had occurred." *State* v. *Rebideau, supra,* 132 Vt. at 449, 321 A.2d at 61.

■ Under different circumstances, statements indicating criminal character can be error, may not necessarily be cured by cautionary instructions, and may require a new trial. See *State* v. *Shuttle, supra; State* v. *Garceau, supra.* But under the circumstances of this case, defendant's substantial right to a fair trial has not been denied.

Defendant also claims that the court erred in failing to grant one of his challenges for cause. The challenged juror expressed his belief that the defendant ought to take the stand in his own behalf, but assured the court that he would follow its instructions to the best of his ability. We need not decide whether the denial of the challenge for cause was error, however, because the defendant has not preserved the question.

■■ At the time that the challenge for cause was denied, defendant had not exhausted his peremptory challenges. Therefore, if the defendant found the challenged juror to be objectionable, he should have challenged him peremptorily. *Lattrell* v. *Swain*, 127 Vt. 33, 239 A.2d 195 (1968). Unless the challenging party has already exhausted all of its peremptory challenges, denial of a challenge for cause is preserved on appeal only if the challenging party peremptorily challenges the objectionable juror, and then or subsequently exhausts all peremptory challenges. This insures that the challenge is serious and not merely tactical. It is also necessary to constitute the requisite prejudice, which is the expenditure of a peremptory challenge on a legally incompetent juror so that it is not available to dismiss an objectionable but not incompetent juror. See *State* v. *Holden*, 136 Vt. 158, 161, 385 A.2d 1092, 1094 (1978).

The defendant not having been deprived of his substantial right to a fair and impartial trial, the judgment below will be affirmed.

*Judgment affirmed.*

**Billings, J.,** dissenting. The prosecutor's intentional opening statement drawing attention to the fact that the defendant had shared a cell with an expected witness clearly raised in the jury's mind an inference of bad character or criminal tendencies. *State* v. *Rebideau*, 132 Vt. 445, 449, 321 A.2d 58, 61 (1974). The introduction of this information was improper, because through it defendant's criminal character was injected into the case. *State* v. *Shuttle*, 126 Vt. 379, 381–82, 230 A.2d 794, 796–97 (1967) ; *State* v. *Garceau*, 122 Vt. 303, 170 A.2d 623 (1961).

As the majority opinion points out, the defendant's claim of prejudice was preserved by defendant's motion for mistrial. True, the defendant has the burden to show prejudice, *State* v. *Rebideau, supra*, 132 Vt. at 449, 321 A.2d at 60, but prejudice is determined from the facts of each case and is to be considered within the context of the entire proceedings. A motion for mistrial is addressed to the trial court's discretion, and the denial of the motion will be held erroneous only if prejudice affirmatively appears. *State* v. *Berard*, 132 Vt. 138, 143, 315 A.2d 501, 506 (1974).

In my view the defendant's right to a fair and impartial trial was completely denied. In light of all the circumstances of the case the trial court clearly abused its discretion in denying a mistrial. This is especially true since the record indicates that the information of incarceration came before the jury not only in the prosecutor's opening statement, but also from the witness himself, whom the defendant was not allowed to cross-examine. The information originally injected was highlighted by the testimony of the witness and the instruction issued after the witness refused to testify further. Although the defendant's counsel failed to properly preserve the trial court's erroneous cautionary charge, the court was sufficiently on notice of the claimed prejudice. *State* v. *Woodard*, 134 Vt. 154, 156, 353 A.2d 321, 323–24 (1976) ; V.R.Cr.P. 51. In my view, after the witness refused further testimony the trial court at least had a duty to strike the testimony of the witness and to properly instruct the jury, if not declare a mistrial.

The voluntary injecting of the inference of criminal character and the trial court's failure to cure the same through its charge so colored the entire trial that the defendant's right to a fair and impartial trial was violated. This violation is not addressed and cured by the majority's view that the trial court did not abuse its discretion. The conviction here should be reversed and the cause remanded for new trial.