### State of Vermont v. Christopher R. White

[451 A.2d 1137]

No. 50-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Edward D. Fitzpatrick*, Grand Isle County State's Attorney, North Hero, for Plaintiff-Appellee.

*Andrew B. Crane*, Defender General, *William A. Nelson*, Appellate Defender, and *Nancy E. Kaufman*, Acting Appellate Defender, Montpelier, for Defendant-Appellant.

Billings, J. Defendant appeals from the judgment of the District Court, Unit 3, Grand Isle Circuit, convicting him after jury trial of driving under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). On appeal defendant claims that the trial court erred (1) in denying a challenge for cause of a juror, (2) in refusing to suppress a statement of the defendant made at the time the breath test was being given, and (3) in allowing the state chemist to testify as an expert.

The facts relevant to the first issue are the following. During the voir dire one juror initially stated that if she were the only vote for either acquittal or conviction, the opinion of the others would easily convince her that she was wrong. After further inquiry by both the defendant's attorney and the court she indicated that something else would have to transpire for her to change her opinion other than just the fact of numbers alone. Based on its inquiry, the trial court denied the defendant's challenge for cause. The defendant then used one of his five remaining peremptory challenges to remove the juror.

The defendant has the constitutional right to trial by an impartial jury. U.S. Const. amends. VI and XIV; Vt. Const. ch. I, art. 10. If upon examination a juror shows a state of mind evincing that she could not exercise independent

judgment, she is properly subject to challenge for cause. *Lattrell* v. *Swain*, 127 Vt. 33, 36, 239 A.2d 195, 197 (1968). On the record here, we find that even if there was error, it was not reversible, because the defendant has failed to demonstrate prejudice. *Id.* Here the prospective juror did not sit on the jury, as the defendant exercised a peremptory challenge to remove her. Unlike the *Lattrell* case, the defendant did eventually exercise all of his peremptory challenges. He failed, however, to indicate that there was anyone on the jury panel, as eventually constituted, that he desired to remove by peremptory challenge as required by *State* v. *Holden*, 136 Vt. 158, 161, 385 A.2d 1092, 1094 (1978). When asked by the trial court if he was content with the jury as empanelled, defendant's attorney only replied, "I have no challenges." Without more of a showing of prejudice the defendant has not established reversible error.

As to the second issue, the state police officer testified that when he arrived at the scene of the accident he had the defendant perform certain dexterity tests. As a result the officer believed that the defendant was under the influence of intoxicating liquor and requested that the defendant take a breath test. The officer testified that at that time he read the implied consent law to the defendant, advised him of his *Miranda* rights, and obtained a waiver on the proper form. The officer then questioned the defendant pursuant to the implied consent form. The defendant cooperated and answered the questions. Following the questioning the officer proceeded to administer the breath test and while in the process the defendant volunteered that he felt he would not pass the test. At trial the defendant objected to the admission of this statement. When on further examination of the officer the statement was brought out again, the defendant again objected and moved to strike. The trial court allowed the statement to stand. Defendant claims this was error. We disagree.

■■ Both the State and the defense overlooked the undisputed testimony of the officer that, before questioning the defendant, he was read the implied consent form, was advised of his *Miranda* rights, and signed a waiver on the proper form. Moreover, the evidence indicates the statement was volunteered and was not made in response to a question by the

officer. "Any statement given freely and voluntarily without any compelling influences is . . . admissible . . . ." *State* v. *Smith*, 140 Vt. 247, 254–55, 437 A.2d 1093, 1096 (1981) (quoting *Miranda* v. *Arizona*, 384 U.S. 436, 478 (1966)). The trial court did not err in allowing the statement into evidence.

█ Defendant claims that the State's chemist was not qualified as an expert to testify concerning the defendant's blood alcohol content at the time of operation. The competency of an expert witness is in the first instance within the trial court's discretion and will not be disturbed on appeal unless it appears from the evidence to be erroneous. *O'Bryan Construction Co.* v. *Boise Cascade Corp.*, 139 Vt. 81, 89, 424 A.2d 244, 248 (1980). One need not be a physician to be qualified as an expert in alcohol absorption and elimination rates. *State* v. *Bessette*, 130 Vt. 438, 440–41, 296 A.2d 179, 181 (1972), *overruled on other grounds in State* v. *Dacey*, 138 Vt. 491, 496, 418 A.2d 856, 859 (1980). The mere fact that a witness lacks a particular degree of professional certification is but one factor in the assessment of competency. *O'Bryan Construction Co.* v. *Boise Cascade Corp., supra.* Skill, knowledge, and experience above and beyond that of the average juror are each an adequate basis upon which to qualify an expert. *Id.; Northern Terminals, Inc.* v. *Smith Grocery & Variety, Inc.*, 138 Vt. 389, 392–93, 418 A.2d 22, 24 (1980).

█ From our review of the record the trial court did not err in allowing the State's chemist to testify as an expert. The record shows that both parties made extensive voir dire examination of her qualifications, the witness had a degree in chemistry and biology, was employed by the state as a chemist, had extensive experience in the field and in the laboratory, read extensively the current scientific journals, participated in numerous discussions with professional associates, and was one who possessed the peculiar skill and knowledge upon the subject about which she testified.

*Affirmed.*