## State of Vermont v. John M. Doleszny

[508 A.2d 693]

No. 83-632

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed February 28, 1986

*John A. Rocray*, Windham County State's Attorney, Brat-
tleboro, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Per Curiam.** Defendant was convicted of sexual assault on a
person under the age of 16, in violation of 13 V.S.A. § 3252(3). He
appeals on several grounds, one of which is that the trial court
improperly refused to remove a prospective juror for cause. We
agree and reverse.

During voir dire, the judge asked the prospective juror if he could be impartial regarding the testimony of a State's witness, a doctor who had examined the victim after the alleged assault. The prospective juror responded:

> I certainly could try to be impartial but I'm not saying that I could. It might be that because of my prior knowledge of Dr. Orr I would weigh it heavily in the favor of what he says. That's a possibility.

After the court rejected his challenge for cause, defendant used a peremptory challenge under V.R.Cr.P. 24 to remove this juror. Later, when defendant was without additional peremptory challenges, he sought to remove another prospective juror, whom the trial court also refused to remove for cause.

▆▆ It is reversible error to force a defendant to use his last peremptory challenge to exclude a juror challengeable for cause where the defendant indicates his desire to peremptorily challenge another juror. *State* v. *Holden*, 136 Vt. 158, 161, 385 A.2d 1092, 1094 (1978). Even if a defendant has one or more peremptory challenges remaining after using a peremptory challenge to remove a juror who should have been struck for cause, the claim of error is preserved if the challenging party subsequently exhausts all remaining peremptory challenges. See *State* v. *Lawrence*, 137 Vt. 597, 603, 409 A.2d 997, 1000-01 (1979). In *Holden*, the prospective juror expressed a belief that the defendant had an obligation to prove her innocence and was clearly removable for cause. In the present case, the prospective juror expressed doubt about his own impartiality in considering the evidence of a key prosecution witness whom he personally knew. Knowing a witness does not automatically require removal of a prospective juror, particularly where there is no reason for the court to doubt the juror's belief that he will be impartial. *Turner* v. *State*, 48 Md. App. 370, 376, 428 A.2d 88, 91-92 (1981), *rev'd on other grounds*, 294 Md. 640, 452 A.2d 416 (1982). Where the prospective juror indicates an inclination to believe or disbelieve the testimony of someone he knows, however, that juror should be removed for cause. *State* v. *Thrift*, 588 S.W.2d 525, 528 (Mo. Ct. App. 1979); *People* v. *Meyer*, 78 A.D.2d 662, 663-64, 432 N.Y.S.2d 219, 222 (1980).

The State's reliance on *State* v. *Hohman*, 138 Vt. 502, 420 A.2d 852 (1980), is misplaced. In *Hohman*, the prospective juror, who

was familiar with an earlier trial of the defendant, said that she could be impartial despite her knowledge. In the instant case, after the juror questioned his own impartiality, the only alternative was removal. Furthermore, since all of defendant's peremptory challenges were exercised, prejudice was clearly established. Compare *Holden, supra*, 136 Vt. at 161, 385 A.2d at 1094 (reversible error where court forced defendant to use his last peremptory challenge to exclude a juror challengeable for cause when defendant indicated that there was another juror he desired to peremptorily challenge) with *Lattrell* v. *Swain*, 127 Vt. 33, 37, 239 A.2d 195, 198 (1968) (plaintiff, who did not exhaust his peremptory challenges, waived alleged court error in ruling adversely on challenge for cause).

In light of our disposition of this issue, we need not address defendant's other claims on appeal.

*Reversed and remanded.*