# Donald P. Jones, Administrator of the Estate of Barbara L. Jones and Personal Representative of Barbara L. Jones, Deceased v. James S. Shea, M.D.

[532 A.2d 571]

No. 85-068

Present: Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), and Keyser, J. (Ret.), Specially Assigned

Opinion Filed July 31, 1987

*Alan F. Sylvester* and *Michael S. Brow* of *Sylvester & Maley, Inc.*, Burlington, and *Williams & Williams*, Poultney, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Allen, C.J.** Plaintiff contends in this appeal that erroneous rulings were made during jury selection. In the course of the impanelment, plaintiff challenged seven jurors for cause and all seven challenges were denied. At the close of trial, the jury found defendant to be not liable to plaintiff. Plaintiff claims that the trial judge erred in denying one or more of plaintiff's challenges for cause during jury selection. We find that three of the challenges for cause were erroneously denied and reverse.

Before this Court may consider whether the denial of a challenge for cause was erroneous, we must first determine whether a party has preserved the denial for our review. In order to preserve a denial of a challenge for cause for review, plaintiff must satisfy a two-part test demonstrating that he has been prejudiced by the ruling.

Originally, the first part of the test required only that the party show that the challenge for cause had been denied and that the challenging party had eventually exhausted all of his or her peremptory challenges. *Lattrell* v. *Swain*, 127 Vt. 33, 36, 239 A.2d 195, 198 (1968); *State* v. *Gaffney*, 56 Vt. 451, 452-53 (1884). In *State* v. *Lawrence*, 137 Vt. 597, 603, 409 A.2d 997, 1000 (1979), however, an additional requirement was created: that the party who had unsuccessfully challenged the juror for cause subsequently use a peremptory challenge on the same juror. This *Lawrence* requirement was later applied in *State* v. *Hohman*, 138 Vt. 502, 508-09, 420 A.2d 852, 856 (1980).

We believe the *Lawrence* requirement imposes an unfair burden on the party seeking review of the challenge. The party may seek to remove a number of jurors, but have grounds to challenge only one for cause. If that challenge is erroneously denied and the party decides to expend remaining peremptory challenges on other jurors, on the basis that they are more objectionable, the party should not be penalized for the natural decision to establish a separate priority for the use of peremptory challenges. The trial counsel whose legitimate challenge for cause is denied should be permitted to use peremptory challenges, a limited resource, elsewhere. For this reason, appellate review of a denial of a challenge for cause should not depend on the expenditure of a peremptory challenge on that same juror.

In *Lattrell*, the Court noted that "[t]he great weight of authority supports the . . . rule" that a party must subsequently exhaust peremptory challenges in order to preserve the alleged error of the trial court in denying a challenge for cause. *Lattrell*, 127 Vt. at 37, 239 A.2d at 198 (citing *State* v. *Albano*, 119 Me. 472, 473-74, 111 A. 753, 753-54 (1920); *Burch* v. *Southern Pacific Co.*, 32 Nev. 75, 105, 104 P. 225, 229 (1909); *State* v. *Braden*, 56 Ohio App. 19, 22, 9 N.E.2d 999, 1001 (1936)); see also *State* v. *Fletcher*, 341 So. 2d 340, 346 (La. 1976); *State* v. *Harper*, 50 N.C. App. 198, 200, 272 S.E.2d 600, 601 (1980); *Moreno* v. *State*, 587 S.W.2d 405, 407-08 (Tex. Crim. 1979). We find no authority in other jurisdic-

tions requiring as a condition of appellate review that a party expend a peremptory challenge on the same juror that the trial court has refused to remove for cause.

■ We therefore hold that so long as the challenge for cause is denied and all peremptory challenges are subsequently exhausted, an appellant has met the first part of the test to show prejudice. To the extent that *Lawrence* and *Hohman* require that a party appealing a denial of a challenge against a juror for cause expend a peremptory challenge on that same juror, we overrule those holdings and reinstate the *Lattrell* standard. See *Lattrell*, 127 Vt. at 37, 239 A.2d at 198. Here, plaintiff has shown that all seven of the challenges for cause that he made were denied and that he subsequently exhausted all of his peremptory challenges. Thus plaintiff has met the first part of the test.

The second part of the test for whether these challenges have been preserved for our review requires that the record reflect that, had the party had an additional peremptory challenge available, the party would have used it to strike another juror. *State* v. *Doleszny*, 146 Vt. 621, 622, 508 A.2d 693, 694 (1986); *State* v. *Smith*, 145 Vt. 121, 132-33, 485 A.2d 124, 131 (1984); *State* v. *Holden*, 136 Vt. 158, 161, 385 A.2d 1092, 1094 (1978). Here, four of the jurors plaintiff challenged for cause eventually served on the jury. Nothing more need be shown. See *Doleszny*, 146 Vt. at 622, 508 A.2d at 694. Had none of the jurors challenged for cause eventually served on the jury, then the party making the challenge would have had to demonstrate on the record a desire to exercise an additional peremptory challenge in order to preserve the issue on appeal. See *Smith*, 145 Vt. at 132-33, 485 A.2d at 131; *Holden*, 136 Vt. at 161, 385 A.2d at 1094. Inasmuch as four of the challenged jurors served on the jury during the trial, the second part of the test has been met, and the denials of these four challenges have been preserved for our review.

A potential juror is subject to challenge for cause if, under examination, the juror " 'exposes a state of mind evincing a fixed opinion, bias, or prejudice.' " *Smith*, 145 Vt. at 132, 485 A.2d at 131 (quoting *Lattrell*, 127 Vt. at 36, 239 A.2d at 197). "The juror's claims of impartiality, of course, are not dispositive on the question of fixed bias." *Hohman*, 138 Vt. at 511, 420 A.2d at 858 (citing *State* v. *Kelly*, 131 Vt. 358, 361, 306 A.2d 89, 90 (1973)) (citations omitted). Of the four jurors whose denials of challenges for cause were preserved, three were current patients of the defend-

ant, a well-known physician in Bennington, and one was a former patient. During the voir dire, all four jurors stated that they could be fair in their deliberations. Plaintiff claims that, in each instance, the trial judge erred in denying a challenge for cause made against the juror on the basis of the doctor-patient relationship.

While it is not necessarily error to deny a challenge for cause where a juror is a former patient of a defendant-doctor in a malpractice suit, *Scott* v. *McPheeters*, 52 Cal. App. 2d 61, 64-65, 125 P.2d 868, 870-71 (1942); *Mackey* v. *Greenview Hospital*, 587 S.W.2d 249, 253-54 (Ky. Ct. App. 1979), it is a different matter where a juror has an ongoing doctor-patient relationship with the defendant. When considering this same issue, the Alabama Supreme Court found that the trial court erred in denying two challenges for cause made on the basis of this ongoing relationship. The Alabama court observed that "[t]here is often a close personal relationship between physician and patient, derived, perhaps in part, from the necessity for trust and confidence upon the part of the patient in his physician's judgment." *Gray* v. *Sherwood*, 436 So. 2d 836, 837 (Ala. 1983).

In *Marcin* v. *Kipfer*, 117 Ill. App. 3d 1065, 454 N.E.2d 370 (1983), the Appellate Court of Illinois reversed a refusal to grant challenges for cause noting the "considerable strength" of the "traditional close relationship of trust and confidence between patient and physician." *Id.* at 1067-68, 454 N.E.2d at 372. The court discussed pressures placed on jurors in circumstances where, to have found for plaintiff, they would have had to find their personal physician to have been negligent. *Id.*

■ We recognize this powerful trust that a patient may have in his physician's professional judgment and hold that, where a juror is a current patient of a defendant-doctor in a malpractice suit, it is reversible error to deny a challenge for cause made against that juror. Here, the trial judge erred in denying the three challenges for cause which were made against jurors who were current patients of the defendant. As a result, the possibility existed that the plaintiff was denied a fair trial.

*Reversed and remanded.*