## State of Vermont v. Wallace C. McQuesten

[559 A.2d 685]

No. 86-436

Present: **Allen, C.J., Peck, Gibson and Dooley,[1] JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed March 17, 1989

---

[1] Justice Dooley heard oral argument but took no part in the decision.

*Philip R. Danielson, Chittenden County Deputy State's Attorney*, Burlington, for Plaintiff-Appellee.

*Mickenburg, Dunn, Sirotkin & Dorsch*, Burlington, for Defendant-Appellant.

**Keyser, J.** (Ret.), Specially Assigned. Defendant was convicted after a jury trial of driving under the influence of intoxicating liquor. He appeals on several grounds, one of which is that the trial court committed error by refusing to excuse two jurors for cause. We agree and reverse.

During voir dire, the following exchange took place between the prosecutor and one of the prospective jurors:

> MR. CHURCHILL: Would you be able to listen to the evidence and hear it and make your decision based on the evidence, not about your feelings against the offense?
>
> JUROR ONE: I'm not entirely sure of that.
>
> MR. CHURCHILL: You think that might have some —
>
> JUROR ONE: I am afraid I would feel there is a responsibility with drink.
>
> MR. CHURCHILL: Would you be prejudging the case a little bit perhaps?
>
> JUROR ONE: I might possibly be.

Later in the voir dire, the defense attorney inquired whether any of the prospective jurors believed it was or should be unlawful to have a drink and then drive so long as one is not "under the influence." Another prospective juror stated that she believed such conduct should be unlawful. The following exchange then took place:

> MR. KUPERSMITH: Let me ask the following question if I can. Feeling as you do that it should be illegal do you think that you can sit on a case of this nature where a charge of driving while under the influence is involved?
>
> JUROR TWO: I am beginning to feel that I can't be called on fairly. I've had some very bad experiences with my own family. I have a son that's been committed a couple of times to be honest with you.

At the subsequent bench conference, the defense attorney moved to excuse both prospective jurors for cause, stating that both had indicated they could not be fair. The trial court denied the motion. The defense then used two of its peremptory challenges to strike the two prospective jurors, and its remaining peremptory challenges on other prospective jurors. Having exhausted its peremptory challenges, the defense was unsucccessful in seeking the removal of an additional juror.

This case is governed by our recent decision in *State* v. *Doleszny*, 146 Vt. 621, 508 A.2d 693 (1986). In *Doleszny,* involving sexual assault on a minor, the trial judge asked a prospective juror during voir dire if the juror could be impartial regarding the testimony of a State's witness. The prospective juror responded:

> I certainly could try to be impartial but I'm not saying that I could. It might be that because of my prior knowledge of [the witness] I would weigh it heavily in the favor of what he says. That's a possibility.

*Id.* at 622, 508 A.2d at 694. The trial court refused to dismiss the prospective juror for cause. Defendant then exhausted his peremptory challenges and sought unsuccessfully to remove another prospective juror. We held that "after the juror questioned his own impartiality, the only alternative was removal." *Id.* at 623, 508 A.2d at 694; see also *Jones* v. *Shea,* 148 Vt. 307, 309, 532 A.2d 571, 573 (1987) (prospective juror challengeable for cause if he or she has fixed opinion, bias or prejudice) (and cases cited).

Because the defendant in *Doleszny* had exercised all his peremptory challenges, "prejudice was clearly established." 146 Vt. at 623, 508 A.2d at 694. We stated:

> It is reversible error to force a defendant to use his last peremptory challenge to exclude a juror challengeable for cause where the defendant indicates his desire to peremptorily challenge another juror. *State* v. *Holden,* 136 Vt. 158, 161, 385 A.2d 1092, 1094 (1978). Even if a defendant has one or more peremptory challenges remaining after using a peremptory challenge to remove a juror who should have been struck for cause, the claim of error is preserved if the challenging party subsequently exhausts all remaining peremptory challenges.

*Id.* at 622, 508 A.2d at 694.[2]

As in *Doleszny*, the challenged jurors here both acknowledged their possible prejudice. Under these circumstances, the trial court's decision not to exclude them for cause was error. Defendant suffered prejudice from the error because, having exhausted his peremptory challenges, he was unable to strike an additional juror as he would otherwise have done.

*Reversed and remanded.*

---

[2] The burden on a defendant to show prejudice was eased in *Jones* v. *Shea*, where we held that "appellate review of a denial of a challenge for cause should not depend on the expenditure of a peremptory challenge on that same juror." 148 Vt. at 308, 532 A.2d at 572. It is sufficient that a defendant seek unsuccessfully to exclude a juror challengeable for cause, that defendant exhaust all peremptory challenges, and that the record reflect a desire to remove an additional juror had another peremptory challenge been available. *Id.* at 309, 532 A.2d at 572-73. "The trial counsel whose legitimate challenge for cause is denied should be permitted to use peremptory challenges, a limited resource, elsewhere." *Id.* at 308, 532 A.2d at 572.