## State of Vermont v. Arthur Santelli

[621 A.2d 222]

No. 91-531

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 18, 1992

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Kerry B. DeWolfe* and *William A. Nelson*, Appellate Attorneys, Montpelier, for Defendant-Appellant.

**Johnson, J.** Defendant, who had refused to submit to an evidentiary breath test, was convicted by a jury of driving under

the influence of intoxicating liquor. He appeals on two grounds. First, he contends that the trial court erred by denying his request to remove for cause a member of the jury panel who expressed a fixed belief that anyone who refused to submit to a breath test was guilty. Second, defendant argues that the trial court should have permitted defendant to testify as to why he refused to take a breath test, rather than excluding his proposed testimony as impermissible hearsay. We agree with both arguments and reverse and remand.

On November 9, 1990, defendant, Arthur Santelli, was driving home from his brother's house when he was involved in an accident with another vehicle. The police officers who responded to the accident charged defendant with driving under the influence of intoxicating liquor (DUI) because he smelled of alcohol. Defendant admitted that he had consumed four beers, but claimed that he was not impaired because of the length of time over which he had consumed them. The police administered sobriety tests, two of which were dexterity tests that defendant explained to the officer he would be unable to perform due to recent hip surgery. Defendant refused to submit to a breath test and informed the officer that his refusal was based upon information he learned from police officer friends that the test was unreliable.

During voir dire, the jury panel was questioned about its ability to find defendant not guilty of DUI charges despite his refusal to submit to a breath test. The following exchange took place between the defense attorney and one of the prospective jurors:

MR. HOWARD: [W]ould you feel that if you heard a person didn't take the [breath] test, that that would make them guilty automatically to you?

JUROR: Yes, I would feel that.

. . . .

MR. HOWARD: Would it make any difference to you if the Judge instructed you that that is the law, that a person can simply decline the test for any personal reason or whatever? He doesn't trust them, doesn't like

them, whatever, would that overcome it, or would you just rely on the . . .

JUROR: I feel that the person should take the test.

MR. HOWARD: And if he didn't, that would . . . [. . .] . . . that would make you feel he was under the influence if he didn't.

JUROR: Right.

. . . .

MR. HOWARD: Could you conceive . . . of someone not taking the test for a reason that had nothing to do with being under the influence?

JUROR: No, I think it is essential that they take the test.

MR. HOWARD: If you heard any explanation from a person as to why he didn't take the test, that it had nothing to do with being under the influence, would you listen to that type of explanation?

JUROR: No.

MR. HOWARD: Okay. You just think they have got to do it?

JUROR: It is part of the law.

Defendant moved to strike the juror for cause, but the motion was denied, forcing defendant to use a peremptory challenge. Defendant then used his remaining five peremptory challenges to strike other prospective jurors not challengeable for cause. Defendant sought to remove a final prospective juror but was unsuccessful as his peremptory challenges had been exhausted.

■■ It is reversible error to "force a defendant to use his last peremptory challenge to exclude a juror challengeable for cause," where the defendant indicates his desire to peremptorily challenge another juror. *State v. Holden*, 136 Vt. 158, 161, 385 A.2d 1092, 1094 (1978). In *State v. Doleszny*, 146 Vt. 621, 622, 508 A.2d 693, 694 (1986), we held that it was not necessary for the defense to use its last peremptory challenge to strike a juror who should have been struck for cause. The claim of error

is preserved if defendant subsequently exhausts all peremptory challenges and has none left to peremptorily challenge an additional juror. Since defendant did so in this case, he is entitled to a new trial if the court erred in failing to exclude a juror for cause.

■■ Where a prospective juror shows an inability to be impartial during voir dire, that juror must be removed for cause. *Id.* at 623, 508 A.2d at 694; see also *Jones v. Shea*, 148 Vt. 307, 309, 532 A.2d 571, 573 (1987) (potential juror with "fixed opinion, bias or prejudice" is subject to challenge for cause). Here, the prospective juror stated outright that a refusal to take a breath test was proof positive of defendant's guilt and that he would not even listen to any explanation given by defendant for his refusal. Since we have held that jurors must be excluded for cause for less definite statements of bias than this, *State v. McQuesten*, 151 Vt. 267, 268–69, 559 A.2d 685, 685–86 (1989) (and cases cited therein), it was clear error not to exclude this juror.

Even the State does not contest that the juror should have been excluded for cause. Rather, it argues that the error should not result in a new trial because defendant has not claimed that any member of the jury was biased in any way. The State argues that we should reverse Vermont law as set out in *Doleszny* and *McQuesten*, and require a defendant to show actual prejudice to obtain a retrial. We decline to do so.

■■ The application of our rule forces a defendant to accept an unwanted juror, a juror whom defendant would have excluded by a peremptory challenge but for the error of the trial court. If we were to accept the actual prejudice rule, the trial court's errors would become unreviewable because the focus of the appellate inquiry would not be on the court's error, but on the qualifications of the juror subject to the lost peremptory challenge. The purpose of peremptory challenges during voir dire is to give each party an opportunity, within limits, to test and consider the qualifications of prospective jurors and reject a certain number without cause. But see *Georgia v. McCollum*, — U.S. —, —, 112 S. Ct. 2348, 2359 (1992) (defense counsel may not use peremptory challenges to reject prospective jurors on the basis of race). This is a right "essential to the

full enjoyment of a respondent's right to a jury trial," *State v. Mercier*, 98 Vt. 368, 371, 127 A. 715, 716 (1925), and we will not undercut it in the circumstances of this case.

Although the first issue disposes of the appeal, we reach the second issue because it may reoccur at trial. Defendant also assigned as error the trial court's refusal to allow him to explain why he refused to submit to a breath test. Defendant's explanation began: "Well, I have been on the auxiliary police in North Adams for a while and have had my occasions to talk to different officers and everything else and they say that they wouldn't take—" At that point, the prosecution raised a hearsay objection. The defense counsel made an offer of proof that defendant's refusal was motivated by police officers' advice that breath tests were unreliable. The defense argued to the court that the statement was not hearsay as it was being offered to explain defendant's actions in refusing to take the test, and was not offered to prove the truth of the matter asserted. The court at first acknowledged that the statements were not hearsay because not offered for their truth, but sustained the objection on hearsay grounds because of fear that the jury would take the statements as the truth.

■ Both defendant and the State agree that the evidence was not being offered for its truth, but only to show defendant's motive for refusal. Therefore, it was not hearsay under V.R.E. 801(c), and it was error to exclude it on the ground that jurors would think it was true. Curative instructions may be used to solve the court's problem that the jury would mistake the statement for the truth. The court, however, refused to give a curative instruction and instead excuded the evidence.

■ The State argues that the evidence was not really excluded as hearsay, but because the evidence would be confusing to the jury. Thus, the State argues it was properly excluded under Rule 403. An examination of the record shows that hearsay was, indeed, the basis of the court's ruling during the trial. Later, in its decision denying defendant's motion for a new trial, the court reaffirmed that it excluded the evidence on hearsay grounds because of the perception of the jury. In fact, the court

felt that the evidence was a "valiant effort to circumvent the hearsay rule." In short, there is no other ground on which we can possibly infer that the court excluded the evidence, and the exclusion was error.

*Reversed and remanded.*